## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**RONALD LEE KIDWELL,**

                                **Plaintiff,**

            **v.**                                        **CASE NO. 21-3233-SAC**

**(FNU) SHELTON, et al.,**

                                **Defendants.**

## MEMORANDUM AND ORDER
## TO SHOW CAUSE

Plaintiff Ronald Lee Kidwell is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**1.  Nature of the Matter before the Court**

Plaintiff brings this *pro se* civil rights complaint under 42 U.S.C. § 1983.  Plaintiff is an inmate at the Johnson County Adult Detention Center in Olathe, Kansas ("JCADC").  The Court granted Plaintiff leave to proceed *in forma pauperis*.  (ECF No. 3.)

Plaintiff complains that Defendants confiscated his stimulus payment and applied all but $10.00 of it to the debt Plaintiff owes this Court for civil filing fees in previous cases.  Plaintiff asserts that media reports indicated the stimulus payments were safe from garnishment.

Plaintiff names as defendants FNU Shelton, Administrator of the JCADC; and FNU Wade, Captain at the JCADC.  Plaintiff seeks the return of the full amount garnished and the retraining and suspension of Defendants for ninety days without pay.

1

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual

allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### A.  Claim based on Federal Law authorizing Stimulus Check

Plaintiff complains about the application of his "stimulus check" to his preexisting accumulated debt to this Court for filing fees.  He does not provide any details about the stimulus check in his Complaint, such as the amount or when it was received.  In a subsequent filing, he indicates the "full amount that was garnished" was $1,350.00.  *See* ECF No. 4.

Plaintiff does not cite any constitutional basis for his claim but refers to media reports about the payments.  The Court thus concludes that Plaintiff's claim is based on the federal statute(s) authorizing the stimulus payments.  There have been three stimulus or Economic Impact Payments ("EIPs") issued by the federal government in response to the COVID-19 pandemic.  The EIPs were authorized by different statutes.  Because it is unclear which payment Plaintiff is referring to, the Court directs him to provide additional information.

### B.  Retaliation Claim

Plaintiff also brings a retaliation claim.  He alleges that other inmates who received stimulus checks were given the choice of whether to put the payment in their inmate accounts or in their property, while he was not provided with any option.  Plaintiff asserts this was due to the previous lawsuits he had filed against JCADC staff.

"Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his 'constitutional rights.'"  *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990); *Penrod v. Zavaras*, 94 F.3d 1399, 1404 (10th Cir. 1996).  "Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the

defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

Plaintiff adequately alleges that he engaged in constitutionally protected activity when he filed previous civil rights lawsuits. However, he does not sufficiently plead the other two elements of a retaliation claim. According to his allegations, his stimulus check was used to pay off his legitimate debts. While this may not be the use he would have preferred, it is not clear that he suffered an injury, let alone an injury serious enough to discourage a person from exercising his First Amendment right to access the courts.

As for the third element, an "inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006) (quotations and citations omitted); *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)). Thus, "it is imperative that Plaintiff's pleading be factual and not conclusory. Mere allegations of constitutional retaliation will not suffice." *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990) (plaintiffs must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights"). To prevail, a prisoner must show that the challenged actions would not have occurred "but for" a retaliatory motive. *Baughman v. Saffle*, 24 F. App'x 845, 848 (10th Cir. 2001) (citing *Maschner*, 899 F.2d at 949–50; *Peterson*, 149 F.3d at 1144)); *see also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) ("[T]he inmate must allege more than his personal belief that he is the victim of retaliation.").

Plaintiff's claim of retaliation is subject to dismissal for failure to allege adequate facts in support of this claim. He must show that "but for" a retaliatory motive, his stimulus check would

not have been applied to his debt. *Maschner*, 899 F.2d at 949–50; see also *Fogle*, 435 F.3d at 1263–64. Plaintiff fails to plead nonconclusory facts sufficient to allow the Court to draw a reasonable inference that the JCADC's application of his stimulus check to his debt was in retaliation for his previous lawsuits.

## IV.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1] Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted until **January 28, 2022,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (21-3233-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **January 28, 2022**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated December 29, 2021, in Topeka, Kansas.**


**s/ Sam A. Crow**
**SAM A. CROW**
**SENIOR U. S. DISTRICT JUDGE**

7