```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**RONALD LEE KIDWELL,**

                      **Plaintiff,**

      **v.**                                             **CASE NO. 21-3233-SAC**

**(FNU) SHELTON, et al.,**

                      **Defendants.**

<u>**MEMORANDUM AND ORDER**</u>

This matter is a civil rights action under 42 U.S.C. § 1983 filed by Plaintiff Ronald Lee Kidwell, who is incarcerated at the Johnson County Adult Detention Center in Olathe, Kansas (JCADC).

### I.  Procedural Background

Plaintiff filed his complaint on September 28, 2021. (Doc. 1.) He alleged that Defendants FNU Shelton, Administrator of the JCADC, and FNU Wade, Captain at the JCADC, improperly confiscated all but $10 of his stimulus payment and applied it to the debt Plaintiff owed this Court for civil filing fees in previous cases. After screening the complaint, the Court issued a memorandum and order to show cause dated December 29, 2021 (the MOSC), explaining to Plaintiff that his complaint lacked sufficient factual allegations to state a claim for relief. (Doc. 5.)

With respect to his claim that the Defendants were illegally applying his stimulus payment to preexisting debt, the MOSC advised

1

Plaintiff that it was unclear what constitutional right he believed was violated. In addition, because there have been three stimulus payments—also called Economic Impact Payments or EIPs—each authorized by a different statute, the MOSC advised Plaintiff that he needed to identify which EIP formed the basis for his complaint. Plaintiff also made a retaliation claim based on his being denied the choice other inmates had regarding whether their EIPs were put into their inmate accounts or their property. The MOSC explained the elements of a retaliation claim and advised Plaintiff that the complaint did not allege facts sufficient to state a plausible claim. Thus, the MOSC directed Plaintiff to show good cause why his complaint should not be dismissed or, in the alternative, to file an amended complaint that alleged sufficient facts to state a claim that a federal constitutional right was violated and that showed a cause of action in federal court.

Plaintiff filed his amended complaint on January 10, 2022 (Doc. 6) and the amended complaint now comes before the Court for initial screening. Plaintiff names the same defendants. He alleges that Shelton illegally confiscated $1,350 of "federal relief money"—presumably from an EIP—from his personal inmate account to pay filing fees owed to this Court and that Wade "agreed with this action." Based on "World news" reports, Plaintiff believes that only the Department of the Treasury and the Internal Revenue Service have the authority to confiscate or garnish an EIP.

As Count I of his amended complaint, Plaintiff asserts that Defendants committed theft when they confiscated the money. As Count II, Plaintiff alleges "Institutional Injustices" occurred because unlike other inmates, he was not given the opportunity to have the EIP placed in his property to be picked up by another person. In Count III, Plaintiff asserts that the district court and the undersigned have withheld evidence by failing to present to him any case law, Supreme Court Ruling, or "evidence that verifies and proves that it was legal to confiscate [Plaintiff's] federal stimulus check."[1] As relief, Plaintiff seeks the return of the $1,350 he believes was illegally taken.

## II.  Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his amended complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. §

---

[1] In a letter attached to the amended complaint, Petitioner asserts that the Court has improperly discussed Plaintiff with Defendant Wade and other prison staff and has interfered with or even received some of the money at issue in this matter. (Doc. 6-1, p. 1-2.) Liberally construed, this letter could be considered a motion for recusal. Because it is based upon purely conclusory and fabricated assertions, the Court declines to grant recusal and will not take any further action on the letter. *See David v. City & Cnty. of* Denver, 101 F.3d 1344, 1351 (10th Cir. 1996) (stating that a judge has "as much obligation . . . not to recuse when there is no occasion to do so as there is for him to do so when there is"); *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (stating that statute governing recusal is not so broad "that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice").

1915(e)(2)(B). When screening, the Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**III. Discussion**

As the Court has previously explained to Plaintiff, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). The Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). Nevertheless, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). And "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'" requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). The complaint's

"factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570. "[T]o state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on [a] plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The decisions in *Twombly* and *Erickson* created a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). Under this new standard, courts determine whether a plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *Smith*, 561 F.3d at 1098 (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, at 1974).

5

### A. Failure to State a Claim

As noted above, a claim under § 1983 "must allege the violation of a right secured by the Constitution and laws of the United States." *See West*, 487 U.S. at 48-49. The MOSC noted that Plaintiff had failed to cite a constitutional basis for his claim that Defendants were not allowed to seize his EIP and apply it toward preexisting debt. (Doc. 5, p. 4.) The MOSC also pointed out that even liberally construing the claim to assert a violation of the federal statutes authorizing EIPs, it was unclear which statute was the basis for Plaintiff's claim, so Plaintiff needed to "provide additional information." *Id.*

The amended complaint does not cure these deficiencies. The amended complaint articulates three counts:  (1) theft, (2) institutional injustices, and (3) withholding of evidence. Nowhere in the amended complaint does Plaintiff identify any federal constitutional provision he believes was violated by the actions alleged as the basis for the amended complaint. The amended complaint does not provide additional information about which federal statute authorizing EIPs he believes was violated.

"[T]o state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes

6

the defendant violated." *Nasious*, 492 F.3d at 1163. Even though the Court liberally construes pro se pleadings, the Court is not free to construct a legal theory on Plaintiff's behalf. *Whitney*, 113 F.3d at 1173-74. Because Plaintiff has failed to assert the violation of a federal law or a provision of the Constitution, he has failed to state a claim on which relief may be granted.

**IV.  Conclusion**

The Court has liberally construed the amended complaint, but the amended complaint nonetheless fails to state a plausible claim upon which relief can be granted. Accordingly, the Court will dismiss this action without prejudice.

As a prisoner, Plaintiff is subject to the "three-strikes" provision of 28 U.S.C. § 1915(g). Court records fully establish that at this point, Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[2] *Id.* Accordingly, in the future, Plaintiff may

---

[2] Regardless of whether a dismissal is with or without prejudice, dismissal for failure to state a claim counts as a strike. *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020). Not including the present matter, the Court finds at least 3 prior civil actions filed by Plaintiff which qualify as "strikes" under § 1915(g) because they were dismissed for failure to state a claim. *See Kidwell v. Hayden*, Case No. 20-cv-3238-SAC (D. Kan. Dec. 1, 2020); *Kidwell v. McCarthy*, Case No. 20-cv-3285-SAC (D. Kan. Dec. 16, 2020); *Kidwell v. Gray*, Case No. 21-cv-3192-SAC (D. Kan. Oct. 5, 2021); *Kidwell v. Menning*, Case No. 21-cv-3214-SAC (D. Kan. Oct. 15, 2021); *Kidwell v. Smith*, Case No. 31-cv- 3221-SAC (D. Kan. Oct. 15, 2021); *Kidwell v. Bounds*, Case No. 21-cv-3218-SAC (D. Kan. Nov. 16, 2021); *Kidwell v. Leiven*, Case No. 21-cv-3191-SAC (D. Kan. Oct. 26, 2021).

proceed in forma pauperis only if he establishes a threat of imminent danger of physical injury. *Id.*

**IT IS THEREFORE ORDERED** that this action is dismissed without prejudice for failure to state a claim upon which relief could be granted.

**IT IS SO ORDERED.**

DATED:  This 7th day of March, 2022, at Topeka, Kansas.


<u>S/ Sam A. Crow</u>
SAM A. CROW
U.S. Senior District Judge